37 C.C.P.A.(Patents)
## In re STAEGER.
Patent Appeals No. 5688.

United States Court of Customs and Patent Appeals.

June 30, 1950.

E. F. Wenderoth, Washington, D. C. (A. Ponack, Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner's rejection, as unpatentable over the cited prior art, of the only claim in appellant's application for patent reading:

"19. A brake lining, the coefficient of friction of which shows an increase at the beginning of its use and retains its increased value during prolonged use, consisting essentially of a heat-and-pressure molded dry mixture composed of approximately 20 parts by weight of a powdered heat reactive melamine-formaldehyde condensation product, approximately 35 parts by weight of asbestos in loose form and approximately 20 parts by weight of finely powdered aluminum oxide, said mixture having been molded at a temperature ranging between about 170 and 190°C. and under a pressure of about 200 atmospheres."

The following are the references cited:

| | | |
|---|---|---|
| Achtmeyer, | 1,418,607, | June 6, 1922, |
| Seabury et al., | 1,969,041, | Aug. 7, 1934, |
| Nanfeldt (1), | 2,061,918, | Nov. 24, 1936, |
| Nanfeldt (2), | 2,061,919, | Nov. 24, 1936, |
| Widmer et al., | 2,197,357, | Apr. 16, 1940, |
| Nanfeldt (3), | 2,273,770, | Feb. 17, 1942, |
| British (1) (Tennant), | 455,008, | Oct. 12, 1936, |
| British (2) (Carpmael), | 490,688, | Aug. 19, 1938. |

In the final analysis the issue in the case appears to rest solely upon the binder element defined in the claim as "a powdered heat reactive melamine-formaldehyde condensation mixture."

The use of asbestos and powdered aluminum oxide as filler materials in brake linings is shown by one or the other of the Achtmeyer, Seabury et al. and Nanfeldt patents and is conceded in appellant's application as follows:

"As carrier or filling agent the substances previously used for this purpose have proved useful. These are, for example, asbestos, in its various available forms, such as fabric, flocks or powder; metallic substances, such as aluminum, zinc and the like, also in their usual forms, such as powder, granules or turnings; also insoluble, heat-resisting metallic compounds, such as aluminum oxide, aluminum silicate, chalk, etc. Colouring can be carried out in the usual way, by admixture of pigments of an organic or inorganic nature, for example, sienna brown, red iron oxide, nigrosine, etc."

No showing is made, nor is it claimed on behalf of appellant, that the proportions of the asbestos elements and aluminum oxide elements to each other or to the binding element, as specified in the claim, are critical. The molding temperatures and the pressure of about 200 atmospheres set forth in the claim seemingly are conventional in forming melamine-formaldehyde as a binding. At any rate, they are shown by the Widmer et al. patent, and nothing new is claimed for them here.

The Widmer et al. patent and both British patents disclose the use of melamine-formaldehyde as a binding ingredient in molded articles, but do not show its use in brake linings.

Both the Achtmeyer and the Seabury et al. patents disclose the use in brake lining compositions of phenol-formaldehyde as a binder, and the Nanfeldt patent 2,273,770 discloses the formation of a brake lining in which cresol-formaldehyde resin is combined with asbestos, aluminum oxide also being a possible ingredient.

So, the cited art falls into two groups and, as stated by the board:

"* * * The first group shows melamine-formaldehyde compositions containing various fillers, but brake linings are not referred to. The second group discloses brake linings formed of phenol-formaldehyde type resins together with various fillers, but melamine-formaldehyde resins are not mentioned."

It was the view of both the Primary Examiner and the Board of Appeals that the exact issue here involved was presented in the case of In re Berger, 143 F.2d 971, 973, 31 C.C.P.A., Patents, 1234, and that the decision here is governed by the decision there.

It seems clear to us that this is a sound position.

In at least four of the claims there presented melamine-formaldehyde, a form of aminotriazine, was specifically named as a binder ingredient, and at least five of the references cited in the two groups here were cited there.

In the course of this court's decision in that case it was said:

"Appellant here contends that none of the references except Nanfeldt and Achtmeyer relate to brake linings; that Nanfeldt's rubber binders are obviously entirely different from those of appellant; that the British patents, while disclosing aminotriazine-aldehyde resins, do not suggest in any way that these resins might be useful as binders in brake linings; that it was not obvious to use aminotriazine-aldehyde resins in this respect because other closely analogous resins, such as the urea-formaldehyde resins, are unsuitable for use as brake linings; and that experimentation was required to discover that the aminotriazine-aldehyde resins are suitable as brake linings. In short, it is the contention of appellant that wherever 'experimentation is required, invention of a patentable degree is made';
\* \* \*.

"In answer to appellant's contention that where 'experimentation is required, invention of a patentable degree is made,' it is sufficient to say that the cases cited do not support the broad statement of appellant. Experimentation *may* produce a result through the exercise of the inventive faculty. This has been held to be true in cases where the art taught that the thing could not be done, or did not suggest that it might be done, or where catalytic action or the use of some material was wholly unpredictable. [Italics quoted.]

\* \* \* \* \* \*

"It is our view that the Board of Appeals committed no error in affirming the action of the examiner in disallowing the claims, for the reasons stated by it. We conclude that since the properties of melamine-formaldehyde resins were well known and the use of phenolic resins in brake lining manufacture was also well known, it would not involve invention to experiment with resins such as those used by appellant and find that they were useful in brake linings. It was old in the art to use asbestos as a filler, and it was also old to extrude or mold brake lining material and treat it as appellant does and as is called for by some of the claims. *Appellant may be right in his contention that the brake lining made by his process is a better one than the cited prior art discloses.* However, we are of opinion, for the reasons stated that the appealed claims do not involve invention. [Italics new here.] "

In the instant case it is urged by appellant, as stated by the board, that:

"Appellant contends the Berger decision is not applicable here, the reason assigned being that the Court did not have before it any evidence of unsatisfactory character of the prior art resin-bonded linings as here urged, nor any evidence of unexpected new results obtainable with melamine resin-bonded linings. Therefore, it is reasoned, the Berger decision is based on a different record, resulting in conclusions which are not justified in the instant case.

"Appellant says the prior art phenolic resins produce a 'glassy' surface in friction linings with undesirable results. A further disadvantage is said to be due to a decrease in friction modulus during use. In the case of appellant's melamine resin, the glassy surface is not formed, and the friction modulus advantageously increases during use. Other unexpected advantages are alleged in connection with use in clutch linings. In support of the foregoing, appellant has submitted an affidavit and documentary exhibits."

In the instant case the affidavit of appellant Staeger together with the documentary exhibits seem to sustain the assertions of fact alleged in the application, but, assuming this to be so, it should be noted that the decision in the Berger case, supra, did not rest upon lack of evidence. We expressly stated, in effect, that the appellant there (without reference to lack of evidence other than general assertions in his application) might be right in his contention that the brake lining made by his

process was a better one than the cited prior art disclosed, but nevertheless held that the appealed claims did not involve invention, saying, in substance, that the properties of melamine-formaldehyde resin being well known and the use of phenolic resins in brake lining manufacture also being well known invention would not be involved in experimenting with melamine-formaldehyde and finding that it was useful in brake linings.

We are not convinced of error on the part of the Board of Appeals, and its decision is affirmed.

Affirmed.